UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD KELLEY, Plaintiff, v. OFFICEMAX, INC. Defendant | C.A. No.: CA 05 525ML Civil Action No.: |

# COMPLAINT

## Nature of the Case

By his Complaint, Richard Kelley seeks several forms of relief stemming from an incident of false arrest and imprisonment perpetrated by agents and employees of the corporate Defendant.

## The Parties

1. Plaintiff Richard Kelley is an individual residing at 13 Tobeyhann Street, Providence, Rhode Island.

2. Defendant OfficeMax, Inc. ("OfficeMax") is a Delaware corporation with its principal offices at 150 East Pierce Road, Itacsa, Illinois.

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 USCA § 1332, as the plaintiff is and at all times mentioned below, domiciled in and a resident of the state of Rhode Island, while defendant is incorporated in the state of Delaware and has its principal place of business in the state of Illinois. This is a civil action involving, exclusive of interests and costs, a sum in excess of $75,000.00. Every issue of law and fact in this action is wholly between citizens of different states.

4. Venue is proper in the District of Rhode Island as the plaintiff is a Rhode Island resident and all transaction and occurrences involved in this action took place within the state of Rhode Island.

**Facts**

5. At all times relevant to this action, the plaintiff, Richard Kelley ("Mr. Kelley") owned and operated a printing business, doing business solely in the State of Rhode Island.

6. On or about June 6, 2005, Mr. Kelley visited the OfficeMax Superstore at 200 Hillside Road, Cranston, Rhode Island, which is owned and operated by defendant, with the intention of purchasing some items for his business and placing a print order at the photocopy counter within the store. (See receipt, exhibit 1).

7. Mr. Kelley had along his 10-year-old daughter.

8. After placing his print order, Mr. Kelley was browsing the store for purchases when he was accosted by a store manager, who accused Mr. Kelley of shoplifting.

9. Mr. Kelley was told to accompany the manager to a small office located within the store.

10. Mr. Kelley was traveling alone with his daughter so she accompanied him into the office.

11. Once in the office, the manager told Mr. Kelley to remove his clothes from the waste down and pull up his shirt, thus fully exposing his genitalia and bare body in front of his daughter as well as the manager.

12. The manager did not allow Mr. Kelley to re-dress for several minutes.

13. None of defendant's property was discovered, Mr. Kelley was not charged for shoplifting by OfficeMax, nor were the police called.

14. On or about July 1, 2005, Mr. Kelley, through his attorney, informed OfficeMax of his intentions to seek redress for these acts and requested copies of the defendant's written policy and procedures for detaining shoplifters as well as any training requirements for security personnel. (See exhibit 2).

15. As of the date of this filing, defendant has not provided these documents.

**Count I**
*(False Imprisonment)*

16. The plaintiff re-alleges and incorporates by reference herein paragraphs 1-15 above.

17. Mr. Kelley did not feel he was free to go, nor did the OfficeMax manager, acting as agent for defendant, in any way communicate that Mr. Kelley was free to go.

18. Nor did the manager communicate in any way that Mr. Kelley could refuse to respond to the manager's order that he expose himself fully.

19. In detaining Mr. Kelley, the manager was engaged in the regular course of and within the scope of his employment for OfficeMax, Inc. As such, defendant is vicariously liable for the actions of its manager.

20. Mr. Kelley was deprived of his liberty without his consent and without legal justification, resulting in substantial harm to Mr. Kelley.

21. The defendant's actions were fraudulent, oppressive, and motivated by malice and evil intent.

22. As a direct and proximate result of the defendant's actions, plaintiff has suffered humiliation, indignity, disgrace, fright, shame, mortification, injury to feelings and

reputation, both personal and professional, mental and physical suffering, and has incurred substantial rehabilitative expenses, lost income, pain and suffering and loss of enjoyment of life.

**Count II**
*(Negligent Hiring, Retention, Supervision and Training)*

23. The plaintiff re-alleges and incorporates by reference herein paragraphs 1-22 above.

24. On information and belief, OfficeMax violated its own policy regarding store security and shoplifter prevention, for if it did not, the policy itself is facially unlawful.

25. Defendant owed Mr. Kelly a duty to supervise employees who might come in contact with customers to insure their safety, and specifically, to protect Mr. Kelley from the unlawful, malicious and shocking conduct of its employee.

26. Defendant had a duty of reasonable care to protect Mr. Kelley, an invitee at defendant's business, from harm from its employee's unlawful conduct.

27. Defendant breached its duty of care by hiring and retaining an employee who was incompetent, unfit and dangerous.

28. Defendant's breach of its supervisory duty to Mr. Kelley was the proximate cause of the injuries and loss suffered by Mr. Kelley.

**Count III**
*(Sexual Assault)*

29. The plaintiff re-alleges and incorporates by reference herein paragraphs 1-28 above.

30. In forcing Mr. Kelley to stand with his underwear around his ankles and his shirt pulled up for several minutes, defendant's manager intended to cause offensive contact or put Mr. Kelley in fear of such contact.

31. As a result of such fear, Mr. Kelley suffered compensable injuries for which defendant's employee's conduct was the proximate cause.

**Count IV**
*(Defamation)*

32. The plaintiff re-alleges and incorporates by reference herein paragraphs 1-31 above.

33. Defendant's employee's conduct communicated to customers in the store as well as employees at the business, at which Mr. Kelley conducted business, to view Mr. Kelley in a negative light, more specifically, as a thief and a shoplifter.

34. This negligent communication to third persons, that was both false and defamatory, resulted in injury to Mr. Kelley's reputation and dignity.

**Count V**
*(Common Law Invasion of Privacy)*

35. The plaintiff re-alleges and incorporates by reference herein paragraphs 1-34 above.

36. The defendant's employee's conduct in detaining Mr. Kelley against his will and forcing him to bare his genitals in front of his daughter constitutes an intentional and unwanted intrusion into Mr. Kelley's private affairs.

37. This intrusion was of such a character as to outrage or cause mental anguish , shame and humiliation to a person of ordinary sensibilities.

38. Mr. Kelley suffered injury by such unwanted intrusion into his affairs and such invasion of his privacy.

**Count VI**
*(Intentional Infliction of Emotional Distress)*

39. The plaintiff re-alleges and incorporates by reference herein paragraphs 1-38 above.

40. As a child, Mr. Kelley was repeatedly molested by a member of the clergy as well as by a janitor at his church.

41. As a result of these molestations, Mr. Kelley has required psychological counseling.

42. For the past four years, Mr. Kelley has consulted with the same mental health professional through the Rhode Island Hospital's Psychology Department.

43. Mr. Kelley had made marked progress in his recovery until the events described herein. Mr. Kelley is now unable to sleep, conduct normal business or live his life in a normal way.

44. Mr. Kelley and his daughter's relationship has been strained substantially by the events described herein as Mr. Kelley is significantly overweight and was humiliated to have his daughter see not only his genitals, but also his exposed stomach and chest.

45. Mr. Kelley cannot conduct business in or around the location of the OfficeMax store in Cranston for fear someone who was present at the store on June 6, 2005, will recognize him.

46. Even to a person of ordinary sensibilities, defendant's employee's conduct was reckless and of an outrageous nature, and is shocking to the conscience.

47. Such conduct has resulted in severe emotional distress, manifested physically; and has caused Mr. Kelley to seek additional treatment for these injuries.

WHEREFORE, the plaintiff requests that the Court enter judgment:

a. against the defendant for false imprisonment with compensatory damages in the amount of one hundred, fifty thousand dollars ($150,000.00),

b. against the defendant for negligent hiring, retention, supervision and training with compensatory damages in the amount of one hundred, fifty thousand dollars ($150,000.00),

c. against the defendant for sexual assault with compensatory damages in the amount of one hundred, fifty thousand dollars ($150,000.00),

d. against the defendant for defamation with compensatory damages in the amount of two hundred thousand dollars ($200,000.00),

e. against the defendant for common-law invasion of privacy with compensatory damages in the amount of one hundred, fifty thousand dollars ($150,000.00),

f. against the defendant for intentional infliction of emotional distress with compensatory damages in the amount of three million dollars ($3,000,000.00),

g. against the defendant for punitive damages in the amount of two million dollars ($2,000,000.00),

h. in any other manner in which this Court finds just.

**Plaintiff requests a jury trial on all issues triable by a jury.**

Respectfully Submitted,
Richard Kelley,
By his attorney,

Robert E. Craven (#2938)
50 Park Row West, Suite 100
Providence, RI 02903
Tel: (401) 453-2700
Fax: (401) 453-1910

Dated: December 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Complaint was mailed to OfficeMax, Inc. at 150 East Pierce Road, Itasca, Illinois, 60143, on this day, the 8th day of December, 2005.

David M. Baker
Robert Craven & Associates.
50 Park Row West Suite 100
Providence, Rhode Island, 02903