UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD KELLEY,<br>Plaintiff,<br><br>v.<br><br>OFFICEMAX, INC.,<br>Defendant. | Civil No. 1:05-CV-00525-ML-DLM<br><br>OFFICEMAX'S ANSWER TO PLAINTIFF'S COMPLAINT |

COMES NOW OfficeMax, Inc., an Ohio corporation, now known as OfficeMax North America, Inc. ("OfficeMax"), and in answer to the Complaint filed by Plaintiff, responds as follows:

**General Denial**

Except as specifically admitted herein, OfficeMax denies each and every allegation in Plaintiff's Complaint.

**The Parties**

1. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore, denies the same.

2. OfficeMax admits the allegation in paragraph 2 of Plaintiff's Complaint that it has its principal offices at 150 East Pierce Road, Itasca, Illinois; OfficeMax denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

## Jurisdiction and Venue

3. Paragraph 3 of Plaintiff's Complaint is a legal contention to which no response is required. To the extent a response is required, OfficeMax admits that it has its principal place of business in Illinois, but the remaining allegations in paragraph 3 are denied.

4. OfficeMax is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore, denies the same.

## Facts

5. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore, denies the same.

6. OfficeMax admits that Mr. Kelley was present at the Cranston, Rhode Island OfficeMax store at 200 Hillside Road on or about June 6, 2005. OfficeMax is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6, and therefore denies the same.

7. OfficeMax admits that a young girl was with Mr. Kelley at least some of the time while he was in the store on or about June 6, 2005 at the Cranston, Rhode Island OfficeMax store. OfficeMax is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7, and therefore denies the same.

8. OfficeMax denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. OfficeMax denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. OfficeMax denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. OfficeMax denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. OfficeMax denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. OfficeMax admits the allegation contained in paragraph 13 that no formal charges were filed against plaintiff and that the police were not called but denies the remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. OfficeMax admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. OfficeMax admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

**Count 1**
*(False Imprisonment)*

16. In response to paragraph 16 of Plaintiff's Complaint, OfficeMax realleges its responses to the allegations set forth in paragraphs 1 through 15 as though set forth here in full.

17. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint

regarding how the plaintiff felt and and therefore, denies the same. OfficeMax denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. OfficeMax denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. OfficeMax denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. OfficeMax denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. OfficeMax denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

**Count II**

*(Negligent Hiring, Retention, Supervision and Training)*

23. In response to paragraph 23 of Plaintiff's Complaint, OfficeMax realleges its responses to the allegations set forth in paragraphs 1 through 22 as though set forth here in full.

24. OfficeMax denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. OfficeMax denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. OfficeMax denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. OfficeMax denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. OfficeMax denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

**Count III**
*(Sexual Assault)*

29. In response to paragraph 29 of Plaintiff's Complaint, OfficeMax realleges its responses to the allegations set forth in paragraphs 1 through 28 as though set forth here in full.

30. OfficeMax denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. OfficeMax denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

**Count IV**
*(Defamation)*

32. In response to paragraph 32 of Plaintiff's Complaint, OfficeMax realleges its responses to the allegations set forth in paragraphs 1 through 31 as though set forth here in full.

33. OfficeMax denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. OfficeMax denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

**Count V**
*(Common Law Invasion of Privacy)*

35. In response to paragraph 35 of Plaintiff's Complaint, OfficeMax realleges its responses to the allegations set forth in paragraphs 1 through 34 as though set forth here in full.

36. OfficeMax denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. OfficeMax denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. OfficeMax denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

**Count VI**
*(Intentional Infliction of Emotional Distress)*

39. In response to paragraph 39 of Plaintiff's Complaint, OfficeMax realleges its responses to the allegations set forth in paragraphs 1 through 38 as though set forth here in full.

40. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint and therefore, denies the same.

41. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint and therefore, denies the same.

42. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint and therefore, denies the same.

43. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and therefore, denies the same.

44. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint and therefore, denies the same.

45. OfficeMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint and therefore, denies the same.

46. OfficeMax denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. OfficeMax denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

## Affirmative Defenses

OfficeMax denies that Plaintiff is entitled to any of the relief for which he prays, and OfficeMax accordingly denies all the allegations contained in Plaintiff's prayer for relief.

Except as specifically admitted herein, OfficeMax denies each and every allegation in Plaintiff's Complaint. OfficeMax reserves the right to amend this Answer based on further investigation and discovery.

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Defendant was entitled pursuant to R.I.G.L. Sec. 11-41-21 to take reasonable steps to investigate potential shoplifting.

4. The plaintiff voluntarily assumed the risk of any damages or injuries sustained.

WHEREFORE, OfficeMax prays:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. For its reasonable costs and attorneys fees in defending this matter; and

3. For such other and further relief as this Court deems proper.

DATED this 13th day of February 2006.

Defendant,
OfficeMax, Inc.
By its Attorney,

Stephen B. Lang (#0145)
Higgins, Cavanagh & Cooney, LLP
The Hay Building
123 Dyer Street
Providence, RI 02903
T: 401-272-3500
Fax: 401-273-8780
E-mail: slang@hcc-law.com

The defendant hereby claims a trial by jury.

CERTIFICATE OF SERVICE

I hereby certify that on the 13 day of February, 2006, I mailed a copy of the within document to Robert E. Craven, Esq., 50 Park Row West, Suite 100, Providence, RI 09203.

Joan Durand